1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, a Delaware corporation, ENDURANCE AMERICAN INSURANCE COMPANY, a Delaware corporation, NAVIGATORS INSURANCE COMPANY, a New York corporation, AGRICO SALES, INC., a Texas corporation,<br><br>              Plaintiffs,<br><br>     v.<br><br>OXBO, INC., d/b/a OXBO MEGA TRANSPORT SOLUTIONS, an Oregon corporation, OXBO ENGINEERING, LLC, an Oregon limited liability company,<br><br>              Defendants. | CASE NO. 3:22-cv-05228-JHC<br><br>ORDER |

This matter comes before the Court on the parties' Stipulated Protective Order, which the Court construes as a motion (the "Motion"). Dkt. # 23. The Court has considered the Motion and, for the reasons discussed below, DENIES it without prejudice.

"There is a strong presumption of public access to the court's files." LCR 5(g). The Court may issue a protective order "for good cause" under Federal Rule of Civil Procedure 26(c).

ORDER - 1

The Court

> may enter a proposed stipulated protective order as an order of the court if it adequately and specifically describes the justification for such an order, it is consistent with court rules, it does not purport to confer blanket protection on all disclosures or responses to discovery, its protection from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle the parties to file confidential information under seal.

LCR 26(c)(2). The Court's Model Stipulated Protective Order instructs, "The parties must include a list of specific documents such as 'company's customer list' or 'plaintiff's medical records;' do not list broad categories of documents such as 'sensitive business material.'" W.D. Wash. Model Stipulated Protective Order, https://www.wawd.uscourts.gov/sites/wawd/files/ModelStipulatedProtectiveOrder.pdf.

The proposed order defines "Confidential" material as "Oxbo Engineering, LLC and engineer Tullio Celano's internal job file materials referencing the engineering calculations, drawings/plans, and *confidential research/development materials* related to the subject project." Dkt. # 23 at 2 (emphasis added). This definition is circular to an extent. *See Taladay v. Metro. Grp. Prop. & Cas. Ins. Co.*, No. C14-1290-JPD, 2015 WL 4494561, at *2 (W.D. Wash. July 23, 2015) ("Indeed, Chase's circular definition of 'confidential' material under the protective order purports to include any testimony 'marked confidential' and any document containing 'confidential material' pertaining to customers or policies and practices of Chase."). Thus, this definition does not comply with Local Civil Rule 26(c)(2). And the parties do not justify the category with argument.

The Court DENIES the Motion without prejudice. The parties may file a revised stipulated protective order. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 28th day of July, 2022.

*John H. Chun*

John H. Chun
United States District Judge

ORDER - 3